# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# CIVIL DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF SHOPMEN'S )<br>LOCAL 527 PENSION AND BENEFIT )<br>FUNDS )<br>               Plaintiffs, )<br>)<br>)<br>   v.                                )<br>)<br>KINCAID MANUFACTURING, INC.  )<br>)| No.:<br><br>**COMPLAINT TO COMPEL AUDIT**<br><br>Filed on Behalf of:<br>Plaintiffs Board of Trustees of Shopmen's Local 527 Pension and Benefit Funds<br><br>Counsel of Record for This Party:<br><br>Stephen J. O'Brien, Esq.<br>PA ID: 59204<br><br>Andrew Ciganek, Esq.<br>PA ID: 323710<br><br>Stephen J. O'Brien & Associates<br>650 Ridge Road, Suite 400<br>Pittsburgh, PA 15205<br><br>(412) 788-7560<br>(412) 788-7563 fax |

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
CIVIL DIVISION**

| | | |
|---|---|---|
| BOARD OF TRUSTEES OF SHOPMEN'S LOCAL 527 PENSION AND BENEFIT FUNDS | ) ) ) ) | |
| Plaintiffs, | ) ) ) | No.: **COMPLAINT TO COMPEL AUDIT** |
| v. | ) ) | |
| KINCAID MANUFACTURING, INC. | ) ) | |
| Defendant. | ) | |

AND NOW COMES the Plaintiffs Board of Trustees of Shopmen's Local 527 Pension Fund, by and through its attorneys Stephen J. O'Brien, Esq., Andrew L. Ciganek, Esq., and the law firm of Stephen J. O'Brien & Associates, LLC, files this Complaint pursuant to the Labor-Management Relations Act, 29 U.S.C. § 185, and 29 U.S.C. § 1132 of the Employee Retirement Income Security Act ("ERISA"), averring the following:

**PARTIES AND JURISDICTION**

1. Plaintiffs are the Board of Trustees of Shopmen's Local 527 Pension and Benefit Funds. The Trustees conduct the business of the aforesaid Fund at 650 Ridge Road, Ste. 103, Pittsburgh, PA 15205.

2. The Shopmen's Local 527 Pension and Benefit Funds are employee benefit plans within the meaning of ERISA, 29 U.S.C. § 1002 (1),(2),(3),(21), § 1009 (c)(1)(b), and § 1132, and bring this action on behalf of the Board of Trustees, participants and beneficiaries.

3. Kincaid Manufacturing, Inc. is or was engaged in the business of operating a metal fabrication plant, with its principal office and address at 201 Sandy Creek Road, Verona,

2

PA 15147.

4.   This Court has jurisdiction over the subject matter of this action under Sections 502(e)(1) and (f) of ERISA, 29 U.S.C. § 1132(e)(1) and (f), and under §301(a) of the Taft-Harley Act, 29 U.S.C. §185(a).

5.   Venue lies in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because Plaintiffs bring this action in the District where the breach took place and where Defendant operates its business.

## BACKGROUND

6.   Defendant Kincaid Manufacturing, Inc. is a signatory to an Agreement with Shopmen's Local 527 Pension and Benefit Funds ("Collective Bargaining Agreement"). This Collective Bargaining Agreement is dated December 1, 2017. (Ex. 1, Collective Bargaining Agreement.)

7.   Under the terms of the Collective Bargaining Agreement, Defendant Kincaid Manufacturing, Inc. is required to pay to the Funds certain sums of money for the Defendant's employees who perform classified work, with payments to be made monthly, covering the amounts due for the preceding month's operations, and to furnish a monthly report showing the hours worked.  (Ex. 1 at pp. 14, 14A )

8.   Under the terms of the Collective Bargaining Agreement, Defendant Kincaid Manufacturing, Inc. "agrees to furnish the Trustees with all records pertaining to the name, classification, Social Security number, and wage rate of its employees and such other information as may be required for proper and efficient administration of the Fund." (*Id.* at p. 14B.)

## RELEVANT STATUTORY PROVISIONS

9. Section 515 of ERISA, 29 U.S.C. § 1145, provides that

Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

10. Section 4219(a) of ERISA, 29 U.S.C. § 1399(a), provides that

An employer shall, within 30 days after a written request form the plan sponsor, furnish such information as the plan sponsor reasonably determines to be necessary to enable the plan sponsor to comply with the requirements of this part.

## FACTUAL ALLEGATIONS

11. Throughout 2019, as provided by the terms of the Collective Bargaining Agreement, the Funds' auditor attempted to perform an audit on Defendant Kincaid Manufacturing, Inc.

12. Plaintiffs allege that the Defendant refused to permit a meaningful audit of its records, as required by its Collective Bargaining Agreement and Trust Documents, and which prevents the Funds from determining that the reports submitted and payments made by the Defendant are accurate.

13. Plaintiffs made repeated demands upon the Defendant to permit an audit of its records but Defendant has neglected and continues to neglect to comply with the Plaintiffs' demands, thereby causing the Funds to suffer a potential loss of investment income and additional administrative expenses.

14. Plaintiffs allege that the terms and conditions of the Collective Bargaining Agreement and the policy and procedures of the employee benefit Trusts authorize the Trustees to request an Audit of the Defendant's payroll records and documents for verification that the Defendant has made payment of all amounts due the Funds for classified work performed by the

4

Defendant's employees during the effective dates of its collective bargaining agreement.

15. Plaintiffs deem it both necessary and advisable to the proper administration of the Funds that their authorized representatives examine Defendant's books and records for the inclusive period of January 1, 2015 though the Present Date to determine if the Defendant previously reported for and paid to the Funds all of the amounts due for the Defendant's employment of members of the bargaining unit represented by the Funds for said period.

16. Despite notification of the Defendant of the Trustees' desire to conduct an audit for the period from January 1, 2015 through the Present Date, the demands made upon the Defendant on the Fund's behalf for access to Defendant's records for an examination of them for that period, to date the Defendant has failed and refused to make its records available for the thorough examination the Trustees deem necessary and advisable to the proper administration of the Funds.

17. Plaintiffs are without an adequate remedy at law, and the Funds will suffer immediate, continuing and irreparable injury, loss and damage unless the Defendant is ordered to specifically perform in accordance with ERISA, 29 U.S.C. §§ 1001-1381, and the Defendant's collective bargaining agreement, and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, the Plaintiffs demand the following relief:

1. That the Court enter an Order Compelling Audit under which Defendant shall be directed by the Court, within a specified time, to:

   A. Make available to the authorized representative of the Trustees of the Funds any and all of Defendant's records of its past and present employees concerning the classification of them, their wage rates, Social Security numbers, wages paid and hours worked, their tasks performed, and any and all other payroll books and information the Trustees' authorized representatives request and require to examine for the inclusive employment period of January 1, 2015 through the Present Date, and

B. Afford to the authorized representatives of the Trustees of the Funds both ample time and opportunity to examine all such materials of Defendant, without harassment at such time and at such place as shall be convenient to the Trustees' authorized representatives.

2. For judgment against the Defendant for:

    A. All of the Plaintiffs' attorneys' fees incurred in gaining auditor access to Defendant's records;

    B. All of the Plaintiffs' costs in gaining auditor access to Defendant's records, and

    C. For such other and further relief as the Court may deem just and equitable.

DATED: January 29, 2020          Stephen J. O'Brien & Associates

                       By */s/ Andrew L. Ciganek*
                          Stephen J. O'Brien, Esq.
                          Andrew L. Ciganek, Esq.
                          Attorney for Plaintiffs
                          650 Ridge Road, Suite 400
                          Pittsburgh, PA 15205
                          (412) 788-7560
                          (412) 788-7563 (fax)